UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| ROBERT JOHNSON, | Case No. 3:20-cv-00591-MMD-CLB |
| Petitioner, | ORDER |
| v. | |
| WILLIAM GITTERE, *et al.*, | |
| Respondents. | |

Petitioner Robert Johnson, a *pro se* Nevada prisoner, commenced this habeas action by filing a Petition for Writ of Habeas Corpus (ECF No. 1-1). This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases,[1] as well as consideration of Johnson's Motion for Appointment of Counsel (ECF No. 1-2). For the reasons discussed below, the Court directs service of the petition, instructs Respondents to respond, and denies Johnson's motion.

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Johnson challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court").[2] *See State of Nevada v. Johnson*, Case

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the

No. C-16-316403-1. On October 3, 2017, the state court entered a judgment of conviction for battery with use of a deadly weapon resulting in substantial bodily harm, robbery with use of a deadly weapon, grand larceny auto, and bribing or intimidating witness to influence testimony. The Nevada Court of Appeals affirmed the conviction. In June 2019, Johnson filed a state petition for writ of habeas corpus. *See Johnson v. State of Nevada*, Case No. A-19-797634-W. The state court denied post-conviction relief. Johnson filed a post-conviction appeal. The Nevada Court of Appeals affirmed the denial of relief in June 2020, and a remittitur issued the following month.

On October 19, 2020, Johnson initiated this federal habeas corpus proceeding *pro se*. (ECF No. 1.) The Court instructed him to resolve the filing fee, and he timely complied. (ECF Nos. 4, 5.) His petition presents eight claims under the United States Constitution, alleging ineffective assistance of both trial and appellate counsel. Having conducted an initial review, the Court will direct service of the petition and a response.

Turning to Johnson's motion for appointment of counsel, there is no constitutional right to appointed counsel in a federal habeas proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). An indigent petitioner may request appointed counsel to pursue habeas relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *See id.* (authorizing the appointment of counsel "when the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). When a petitioner has a good understanding of the issues and the ability to present his contentions forcefully and coherently, no attorney is legally required. *See LaMere*, 827 F.2d at 626.

---

public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

The petition in this case appears sufficiently clear in presenting the issues that Johnson wishes to raise, and the legal issues are not particularly complex. He has demonstrated sufficient ability to write and articulate his claims and followed the Court's instructions to resolve the filing fee. The Court appreciates that it is difficult for *pro se* petitioners to pursue their habeas claims and almost every *pro se* party would benefit from representation by counsel. However, Johnson has not shown that a denial of counsel would amount to a denial of due process.

It is therefore ordered that Petitioner Robert Johnson's Motion for Appointment of Counsel (ECF No. 1-2) is denied.

The Clerk of Court is directed to file the petition (ECF No. 1-1).

The Clerk of Court is further directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and electronically serve the Nevada Attorney General with a copy of the petition and this order.

It is further ordered that Respondents will have 60 days from the date the petition is electronically served to appear in this action and answer or otherwise respond to the petition.

It is further ordered that, if Respondents file an answer to the petition, Johnson may file a reply within 60 days from the date the answer is filed and served. If Respondents file a motion to dismiss instead of an answer, the parties will brief the motion in accordance with LR 7-2 and 7-3 of the Local Rules of Practice.

It is further ordered that any procedural defenses Respondents raise in this case must be raised together in a single consolidated motion to dismiss. Procedural defenses omitted from such motion to dismiss may be subject to waiver. Respondents may not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents seek dismissal of unexhausted claims under § 2254(b)(2), they must do so within the single motion to dismiss, not in the answer, and specifically direct their argument to the standard for dismissal under § 2254(b)(2) as set

forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, will be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that Respondents must file the state court exhibits relevant to their response to the petition in chronological order.

It is further ordered that all state court records and exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2, and include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit must then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or a volume cover page. *See* LR IC 2-2(a)(3)(A).

It is further ordered that, notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the Court.

DATED THIS 4th Day of December 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE