UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT JOHNSON,<br><br>                Petitioner,<br>    v.<br>WILLIAM GITTERE, *et al.*,<br><br>                Respondents. | Case No. 3:20-cv-00591-MMD-CLB<br><br>ORDER |

**I.   SUMMARY**

This habeas matter is before the Court on Respondents' motion to dismiss. (ECF No. 12 ("Motion").)[1] For the reasons discussed below, Respondents' Motion is granted.

**II.   BACKGROUND**

Johnson challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court").[2] *See State of Nevada v. Johnson*, Case No. C-16-316403-1. On October 3, 2017, the state court entered a judgment of conviction for battery with use of a deadly weapon resulting in substantial bodily harm, robbery with use of a deadly weapon, grand larceny auto, and bribing or intimidating witness to influence testimony.

The Nevada Court of Appeals affirmed the conviction. In June 2019, Johnson filed a state petition for writ of habeas corpus. *See Johnson v. State of Nevada*, Case No. A-

---

[1]Petitioner did not file an opposition to Respondents' Motion and the time for response has long expired.

[2]The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

19-797634-W. The state court denied post-conviction relief. Johnson filed a post-conviction appeal. The Nevada Court of Appeals affirmed the denial of relief in June 2020, and a remittitur issued the following month. On October 19, 2020, Johnson initiated this federal habeas corpus proceeding *pro se*. (ECF No. 1.) The Court instructed him to resolve the filing fee, and he timely complied. (ECF Nos. 4, 5.) His petition presents claims under the United States Constitution, alleging ineffective assistance of both trial and appellate counsel.

## III.  DISCUSSION

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule(s)") requires a federal habeas petition to specify all grounds for relief and "state the facts supporting each ground." Notice pleading is not sufficient to satisfy the specific pleading requirements for federal habeas petitions. *See Mayle v. Felix*, 545 U.S. 644, 655-56 (2005) (noting that Rule 8(a) of the Federal Rules of Civil Procedure requires only "fair notice" while Habeas Rule 2(c) "is more demanding," mere legal conclusions without facts are not sufficient—"it is the relationship of the facts to the claim asserted that is important"). Mere conclusions of violations of federal rights without specifics do not state a basis for habeas corpus relief. *See Mayle*, 545 U.S. at 649; *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995). A claim for relief is facially plausible when the pleading alleges facts that allow the court to draw a reasonable inference that the petitioner is entitled to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although *pro se* pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), conclusory allegations unsupported by specific facts are subject to summary dismissal. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

### A.  Ground 1

In Ground 1, Johnson requests that the Court appoint him an attorney in the instant matter and represents that he previously had the assistance of a fellow inmate, but Johnson has been relocated and no longer has assistance. (ECF No. 7 at 3.) Johnson also filed a separate motion for appointment of counsel (ECF No. 1-2) when he filed the

instant petition. (ECF No. 1-1.) The Court found that a denial of counsel would not amount to a denial of due process and denied his motion for appointment of counsel. (ECF No. 6.)

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991). In Ground 1, Johnson alleges that "all of [his] constitutional rights" were violated in his request for appointment of an attorney. (ECF No. 7 at 3.) Johnson does not allege any specific violation of federal rights that states a basis for habeas corpus relief. To the extent that Johnson sets forth his request for appointment of counsel as a separate claim, the Court dismisses the claim as conclusory and noncognizable.

**B.  Ground 1(a)**

In Ground 1(a), Johnson alleges that counsel rendered ineffective assistance for failure to investigate three eyewitnesses that were present at the scene of the incident underlying his charges. (ECF No. 7 at 5.) Respondents argue that Ground 1(a) should be dismissed as conclusory. (ECF No. 12 at 7.) They contend that Johnson provides no specific allegations as to how he was prejudiced by counsel's alleged failure and with respect to the alleged witnesses, Johnson fails to identify any specific individuals or state to what they would have testified. (*Id.*)

The Court agrees that Ground 1(a) must be dismissed as conclusory. Johnson provides no specific allegations to identify how he "was in fact prejudiced by preliminary and trial counsel ineffectiveness under pretrial investigation." (ECF No. 7 at 5.) Although Johnson describes the three eyewitnesses as "females," he fails to specifically identify any witnesses that counsel should have called. (*Id.* at 16.) He further fails to provide any specific allegations as to the substance of the witnesses' testimony beyond that "it is obvious that the petitioner would not being [sic] under a conviction and/or incarcerated,

as well as the person who actually assaulted the victim would have been held accountable and not the petitioner." (*Id.* at 5.) Conclusory allegations not supported by specific facts are subject to summary dismissal. *See Blackledge*, 431 U.S. at 74. Therefore, Ground 1(a) is dismissed as conclusory.

### C. Ground 2

In Ground 2, Johnson alleges that counsel rendered ineffective assistance for waiving the preliminary hearing without Johnson's permission. (ECF No. 7 at 8-9.) Respondents argue that Ground 2 should be dismissed because it is belied by the record. (ECF No. 12 at 7.) They contend that Johnson was indicted via grand jury and Ground 2 is further contradicted by Ground 4 in that Johnson alleges that his attorney failed to object on the basis that Johnson was not given notice of the grand jury proceeding or the opportunity to testify at such proceeding. (*Id.*)

The prosecution brought the state district court case against Johnson by way of an indictment from a grand jury; therefore there was no preliminary hearing to waive. (*See* Ex. 1 at 2; ECF No. 13-1.) *See also Medina v. Williams*, 2012 WL 3245525, at *9 (D. Nev. Aug. 6, 2012), *aff'd,* 565 F. App'x 644 (9th Cir. 2014). "[C]ontentions that in the face of the record are wholly incredible" are subject to summary dismissal. *Blackledge*, 431 U.S. at 74. Because Ground 2 does not state a viable claim for relief, Respondents' motion to dismiss is granted.

## IV. CONCLUSION

It is therefore ordered that Respondents' motion to dismiss (ECF No. 12) is granted. Grounds 1, 1(a), and 2 are dismissed.

It is further ordered that Respondents must file an answer to the remaining claims of the petition for writ of habeas corpus within 60 days of the date of this order. Petitioner will have 60 days from the date of service of the answer to file a reply.

DATED THIS 19th Day of October 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE